# Exhibit

# # 1

# COMMONWEALTH OF VIRGINIA



ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

Summons

To: JAGUAR LAND ROVER                     Case No. 013CL20000465-00
NORTH AMERICA LLC
R/A: CORPORATION SERVICE CO
100 SHOCKOE SLIP, 2ND FLOOR
RICHMOND VA 23219

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, January 28, 2020

Clerk of Court: PAUL F. FERGUSON

by _____
(CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:


Attorney's name:

*VIRGINIA:*

*IN THE CIRCUIT COURT OF ARLINGTON COUNTY*

MATTHEW J. ERAUSQUIN

            Plaintiff,

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC

SERVE:
        Corporation Service Company
        Registered Agent
        100 Shockoe Slip, 2nd Floor
        Richmond, Virginia 23219

            Defendant.

CL 20 -465

## COMPLAINT

COMES NOW, the Plaintiff, and moves for judgment against the Defendant on the grounds and in the amount hereinafter set forth:

    1.    This is a case for breach of warranty and violation of the Virginia Motor Vehicle Warranty Enforcement Act.

    2.    Plaintiff is a consumer that currently resides in Arlington, Virginia.

    3.    Defendant Jaguar Land Rover North America, LLC ("Land Rover") is a limited liability company headquartered in New Jersey and which does significant business through its authorized dealers throughout the Commonwealth of Virginia.

### BACKGROUND FACTS

    4.    On July 25, 2018, relying on the warranties, express and implied, given by the Defendant through its dealership representatives in Alexandria, Virginia, Plaintiff agreed to

purchase, took delivery of, and accepted a new 2018 Land Rover Range Rover Autobiography,

Vehicle Identification Number SALGV5REXJA507634 (hereafter, "the vehicle").

5.     The full purchase price, inclusive of tax, title and other fees was $172,763.22.

6.     The vehicle was covered by a manufacturer's limited warranty, and other warranties implied by law.

7.     Plaintiff thereafter discovered a myriad of issues with the vehicle, most of which were related to the "InTouch" system in one form or another.

8.     The "InTouch" system is essentially the "brains" of the vehicle and governs dozens of vehicle functions through two separate touch screens located in the center console of the vehicle.

9.     Plaintiff experienced significant issues which constituted both nonconformities and serious safety defects within the meaning of Virginia Code §59.1-207.11, including, but not limited to:

(a.)     Complete loss of both the upper and lower InTouch screens - the screens would go blank completely;

(b.)     Upon startup, the InTouch system would set the rear fans to blow at their maximum speed, creating an extremely loud cabin environment until the driver navigated the various touch screen menus to turn them off;

(c.)     The InTouch system would disable the "Eco" Start/Stop button (grayed out) such that it could not be activated or de-activated; at other times, while stopped, the Eco start system would not restart the car until after the vehicle had "sputtered" to a difficult start, presenting a serious safety concern as the vehicle could not be moved quickly in an emergency situation;

(d.)     The InTouch system would change the display to the rear backup camera when the vehicle was put into reverse (as expected), but the system would freeze and continue to display either the rear or forward facing cameras when the vehicle was put into drive and for a significant time thereafter, often requiring the driver to pull over and completely shut down the car and power it back up again in order to reset the system;

2

(e.)    The InTouch system would display the front or rear camera but the video would abruptly freeze as the vehicle was being moved into position, giving the driver a false visualization of the amount of space remaining prior to impact, and whether or not something, or someone, was in front of or behind the vehicle;

(f.)    The front pillars of the car near the windshield would make a continuous "creaking" sound every time the car travelled over a bump in the road and often when making a sharper turn at speed. This issue seemed to be more prominent when the vehicle was cold and would tend to diminish as the vehicle warmed up;

(g.)    The rear speakers in the car would produce a significant and distorted "buzzing" or "humming" sound when a song containing nearly any amount of bass was played.

(h.)    The InTouch system would sometimes not come up at all when the vehicle was started, often requiring a restart in order to get it to work. Other times, it would reboot randomly when the vehicle was moving.

(i.)    The InTouch system would sometimes freeze the volume controls such that the volume could not be adjusted above a very low volume (approximately 1/5 of the way to maximum).

(j.)    The vehicle would randomly report that the radar sensor used for the Intelligent Emergency Braking system was inoperable, despite the lack of any heavy rain, snow, or other debris that is known to affect this system and its radar sensor.

10.    Soon after discovering the defects and nonconformities, Plaintiff took the vehicle to one of the Defendant's dealerships, Rosenthal Jaguar Land Rover to have the nonconformities corrected. The problems were witnesses by the two service managers there - Kevin Dooley and Thomas Rougeux.

11.    At the time Plaintiff took delivery of and accepted the vehicle, he was unaware of the defects and nonconformities because of the difficulty of discovery, the sporadic nature of the problems, and because some of these problems did not appear until after the Plaintiff had owned the vehicle for about a year and the InTouch software had been updated by the Defendant's dealership.

12.    Three or more repair attempts have not corrected the InTouch related nonconformities within the lemon law rights period. Plaintiff further contends that the non

3

conformities described in paragraph 5(c.), (e.), (h.), and (j.) above constitute serious safety

defects.

13.     Upon Plaintiff's purchase of the vehicle, he was provided with a booklet titled

"Dispute Resolution Supplement".

14.     Page 47 of the Dispute Resolution Supplement states, in applicable part, as
follows: "VIRGINIA:  If at any time during your Land Rover vehicle ownership you have any
questions or concerns with regard to your Land Rover vehicle, please contact us at:

> JAGUAR LAND ROVER NORTH AMERICA, LLC
> ATTN:  Customer Relationship Centre
> 555 MacArthur Boulevard
> Mahwah, NJ 07430-2326

Virginia has enacted a 'Lemon Law' that defines a consumer's right to have a vehicle
repurchased or replaced in the event that your Land Rover has certain nonconformities that
cannot be repaired to conform to its express warranties after a reasonable number of attempts.

In order to exercise your rights under this law, you must first notify Jaguar Land Rover North
America, LLC in writing of any problems with your vehicle and provide us with an opportunity
to repair them."

15.     On December 19, 2019, Plaintiff wrote a letter to the Defendant, as instructed,

advising it of these issues and asking the Defendant to correct them.  He provided his address

and his telephone number with this letter.

16.     As of the date of the filing of this Complaint, the Defendant has not responded to

the Plaintiff.

17.     The defects and nonconformities continue to exist and substantially impair the

vehicle's use, safety, and market value to the Plaintiff, who have used it for his personal use, and

who has properly used and serviced the vehicle while it has been in his possession.

18.     At this time, the vehicle is in substantially the same condition as when it was

delivered to the Plaintiff, with the exception of repairs done to the vehicle by the Defendant's

agents or authorized repair facilities, and damages caused by the defects and nonconformities.

4

19.     The vehicle, as accepted, is of significantly diminished value to the Plaintiff.

20.     Particularly given his practice as a consumer protection attorney, Plaintiff feels that he would obligate to fully disclose the nonconformities and the full repair history to any prospective buyer, and that such a buyer would necessarily require a steep discount to agree to take on the myriad of problems, with the InTouch system and otherwise, that the Plaintiff has been forced to continue to deal with.

## COUNT ONE
## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT

21.     Plaintiff incorporates the allegations of paragraphs 1 through 20 as if alleged herein.

22.     As individually defined in Section 59.1-207.11, et. seq., of the Code of Virginia, the Plaintiff is a "consumer", Land Rover is a "manufacturer," the vehicle is a "motor vehicle," and the various defects in the vehicle constitute "nonconformities", and some are "serious safety defects".

23.     The Defendant and its agents have failed to correct nonconformities after a reasonable number of repair attempts, which has impaired the use, safety, and market value of the vehicle to the Plaintiff; it has not responded to the Plaintiff's request for resolution of the issues; and its actions, therefore, are in violation of the Motor Vehicle Warranty Enforcement Act, §59.1-207.11, 207.13, and 207.14, Code of Virginia (1950).

WHEREFORE, the Plaintiff respectfully requests this Court to award him damages for all money paid towards the purchase of the vehicle, including any deposit, trade-in, extended warranty, and any amount necessary to pay off the loan that the Plaintiff acquired to purchase the vehicle, plus any other collateral charges as defined in §59.1-207.11, incidental and consequential damages, the cost of substitute transportation, expert witness fees, all reasonable

attorney's fees, vehicle loan payments made after the filing of this suit, and costs and expenses herein incurred.

     **Trial by jury is demanded.**

                Respectfully submitted,
                **MATTHEW J. ERAUSQUIN**

                Plaintiff

Matthew J. Erausquin
VSB No. 65434
CONSUMER LITIGATION ASSOCIATES
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
703-273-7770 (telephone)
888-892-3512 (facsimile)

6